UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

GREGORY HOLT                                                                                          PLAINTIFF
ADC #129616

V.                                   No. 4:21-CV-01226-JM-JTR

JACOB HIGGINS, Security Threat &
Terrorist Group Coordinator, ADC                                                         DEFENDANT

### RECOMMENDED DISPOSITION

The following Recommended Disposition has been sent to United States District Judge James M. Moody, Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

### I. Introduction

Plaintiff Gregory Holt ("Holt"),[1] is a prisoner in the Maximum Security Unit of the Arkansas Division of Correction ("ADC"). In his *pro se* § 1983 Complaint,

---

[1] Plaintiff is also known as Abdul Maalik Muhammad.

he alleges that Defendant Jacob Higgins ("Higgins"), the ADC's Security Threat and Terrorist Group Coordinator, placed Holt on the Security Threat and Terrorist Group ("STTG") list, in violation of his First and Fourteenth Amendment rights. *Doc. 2*.[2] After screening,[3] Holt was allowed to proceed with this official capacity claim against Higgins.

The Court's May 26, 2022 Scheduling Order gave the parties until November 28, 2022 to complete discovery and until December 28, 2022 to file any dispositive motions on the merits of Holt's claim. *Doc. 16*.

Holt has filed a Motion to Extend the Discovery Deadline, stating that he is "currently engaged in [separate] litigation with the [United States] Department of Justice seeking records under the [Freedom of Information Act ("FOIA")] that bear directly on this case." *Doc. 18 at 1-2* (citing *Holt v. U.S. Dept. of Justice*, Case No. 4:22-cv-605-KGB (E.D. Ark.)). "Because the documents sought in that case are relevant to this one, and they are determinative of the appropriateness of [Holt's]

---

[2] According to Holt, his advocacy for, and praise of, the Islamic State is protected free-speech that does not justify his placement on the STTG list. *Id. at 13-14*. Moreover, he alleges that his due process rights were violated because he "was not afforded any type of hearing," before being placed on the STTG list, and "there is no adequate post-deprivation remedy available to challenge [his] designation." *Id. at 15*. Finally, he alleges that being on the STTG list "subject[s] him to increased scrutiny, targeted and frequent shakedowns, transfers designed to harass and disrupt, and threats of placement in restrictive housing should members of an unknown and undisclosed 'group' decide to 'do something.'" *Id. at 19*. Apparently, Holt was "designated a jihadist and domestic terrorist," and placed on the ADC's STTG list, after Higgins was "provided … information" from the Federal Bureau of Investigation. *Doc. 2 at 3-4*.

[3] *See* 28 U.S.C. § 1915A.

STTG placement, [he contends] the discovery deadline [in this case] should be extended." *Doc. 18 at 3*.

Holt acknowledges in his Motion that the United States Department of Justice is in possession of documents that are essential to determining if he belongs on the STTG list and his "FOIA case is in its infancy stages." *Doc. 18 at 3*. In Higgins's Response to Holt's Motion to Extend the Discovery Deadline, he argues that discovery should be *stayed* pending the resolution of *Holt v. U.S. Dept. of Justice*, Case No. 4:22-cv-605-KGB (E.D. Ark.), which he states "may take a year or much more to be resolved." *Doc. 20 at 1-2*.

Both sides acknowledge the potentially long delay, of perhaps one year or longer, before the discovery issues surrounding Holt's FOIA case are resolved in Case No. 4:22-cv-605-KGB. Holt himself has characterized the documents that are the target of his FOIA request as being "determinative of the appropriateness of [his] STTG placement" which is the only basis for his § 1983 claims. *Doc. 18 at 3*.

Given these undisputed facts, the Court should direct the Clerk to ADMINISTRATIVELY CLOSE this case until the dispute surrounding Holt's FOIA request in *Holt v. U. S. Dept. of Justice*, Case No. 4:22-cv-605-KGB (E.D. Ark.) is fully and finally resolved. Holt's Motion to Extend the Discovery Deadline

(*Doc. 18*) and Defendant's suggestion the Court stay discovery should both be DENIED AS MOOT.[4]

IT IS SO ORDERED this 7th day of December, 2022.

_____
UNITED STATES MAGISTRATE JUDGE

---

[4] If Holt is successful in obtaining the documents that are the subject of his FOIA request, *and* they support his position that Defendant Higgins wrongfully placed him on the STTG list in violation of Holt's constitutional rights, the Court will promptly enter an Order reopening this case, and Holt will be allowed to proceed with his claims.